VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-354

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2025

| | |
|---|---|
| Lynn Book, Administratrix of the Estate of Reginald Book\* v. Book Brothers, Inc. | } APPEALED FROM:<br><br>} <br>} Superior Court, Rutland Unit,<br>} Civil Division<br>} CASE NO. 23-CV-04300<br>Trial Judge: Alexander N. Burke |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the trial court's decisions awarding partial and final summary judgment to defendant.  We affirm.

The following facts were undisputed for purposes of summary judgment.  Defendant Book Brothers, Inc. is a family farm in West Haven, Vermont.  In 1983, the corporation was jointly owned by Frances Book and her four sons Reginald, Harold, Charles, and Brian.  In April of that year, the shareholders entered into a stock retirement agreement, which provided that upon the death of any of the sons, the decedent's estate would sell the decedent's shares back to the corporation.  Provision 4 of the agreement stated that the purchase price for the shares would be based on the net book value of the corporation.  Provision 11 of the agreement stated that "[t]his writing contains the entire agreement of the parties with respect to stock retirement and the same may not be altered or amended except by another writing executed by all of the shareholders in the corporation."

At the shareholders' annual meeting in 2005, Harold, Charles, Brian, and Frances Book signed a new agreement that would have amended the valuation method from net book value to fair market value.  Reginald Book was present at the meeting but did not sign the agreement. There were no other written agreements amending the valuation provision in the stock retirement agreement.

Reginald Book died in 2022.  At the time of his death, he owned 250 shares of the corporation.  His estate filed a complaint in 2023, asserting that defendant was required to buy back his shares at fair market value.

Defendant moved for partial summary judgment, arguing that provision 4 of the agreement required it to use net book value to calculate the purchase price of Reginald's shares. The court agreed, concluding that because all five shareholders did not sign the 2005 amendment and there were no other written amendments, the original version of provision 4 governed. It granted partial summary judgment to defendant on this issue.

Defendant then moved for summary judgment on the net book value of the corporation. Based on the undisputed evidence, the court concluded that defendant's net book value was negative $885.00. It therefore granted final summary judgment to defendant.

On appeal, plaintiff first argues that the court erred in granting summary judgment to defendant on the issue of how to calculate the share purchase price because there was a genuine factual dispute regarding whether the parties amended the stock retirement agreement. We review a decision granting summary judgment without deference. Progressive N. Ins. Co. v. Muller, 2020 VT 76, ¶ 9, 213 Vt. 145. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a).

Plaintiff argues that even though provision 11 of the original agreement required amendments to be in writing and signed unanimously and Reginald never signed the proposed amendment, the shareholders had effectively modified the agreement's share valuation method through their conduct. "It is well established that parties can modify contractual agreements with one another through the course of performance or dealings." Est. of Kuhling by Kuhling v. Glaze, 2018 VT 75, ¶ 38, 208 Vt. 273. However, plaintiff failed to provide evidence sufficient for a reasonable jury to find that the parties modified the provision regarding the valuation method.

Plaintiff asserts that shareholder meeting minutes from January 2006 indicate the proposed amendment had been adopted despite Reginald's missing signature. Plaintiff's characterization of these minutes is inaccurate. The 2006 minutes state:

> Discussion regarding the current status of the agreement to amend the calculation of a shareholder's interest under the Stock Retirement Agreement. Explained by counsel that it had been signed by everyone, [sic] except Reginald Book and therefore was not yet effective. Brian Book expressed his assumption that issue had been resolved already and expressed concern about the delay. General discussion followed regarding Agreement and efforts to date to agree on a buy-out agreement for Reginald Book. The issue of the shale pit was discussed with Reginald indicating he wanted it as a part of the buy-out. Frances Book, [sic] noted that although she was not engaged in the operation of the farm, the farm had operated in the past without the shale from the pit and could probably do so again in the future. Discussion did not result in any agreement or decision on the Stock Retirement Agreement or buy-out.

There is no indication in the record that the shareholders ever unanimously approved the amendment, orally or otherwise. Plaintiff points to no evidence that Reginald, the holdout, ever agreed to modify the stock valuation provision. Plaintiff cites other evidence involving unrelated

farm business and shareholder negotiations, but this evidence cannot fairly be construed as demonstrating that the parties acted inconsistently with provision 4. The only reasonable interpretation of the record presented to us is that the shareholders repeatedly discussed an amendment and an amendment was proposed, but Reginald never signed it and the shareholders therefore understood it to have not taken effect. Because plaintiff failed to demonstrate the existence of a genuine dispute on this issue, the trial court properly concluded that the original agreement provision governed and awarded summary judgment to defendant. See Spinette v. Univ. of Vt., 2023 VT 12, ¶ 22, 217 Vt. 550 ("Although the party opposing summary judgment is given the benefit of all reasonable doubts and inferences in determining whether there are disputed genuine issues of material fact, the moving party may not rely on bare allegations alone to meet the burden of demonstrating a disputed issue of fact." (quotation omitted)).

Plaintiff appears to claim that defendant was estopped from denying the existence of an amendment based on the shareholders' conduct. Again, plaintiff has failed to put forward evidence that would support such a claim. To recover under a theory of equitable estoppel, plaintiff would have to demonstrate, among other things, that defendant acted in such a way as to make Reginald believe the original agreement had been amended and that Reginald was ignorant of the truth. See Greenmoss Builders, Inc. v. King, 155 Vt. 1, 7 (1990) (listing elements of equitable estoppel). As discussed above, there was insufficient evidence for a jury to find that the shareholders acted in a way that suggested the share valuation method had been amended. See Bernasconi v. City of Barre, 2019 VT 6, ¶ 11, 209 Vt. 419 ("[W]here the jury could only find for the plaintiff by relying on speculation, the defendant is entitled to judgment."). Nor has plaintiff shown that Reginald was unaware the agreement had not been amended. The court therefore did not err in granting summary judgment on the share valuation method.

Plaintiff further argues that the trial court improperly granted defendant's second motion for summary judgment because there remained factual disputes regarding plaintiff's equitable claims. The trial court held that plaintiff had not pleaded any equitable claims in its complaint, leaving nothing to decide other than the net book value. We agree. Vermont Rule of Civil Procedure 8(a) requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The test of whether a particular pleading is sufficient under Rule 8(a) is whether it gives fair notice of the claim and the grounds upon which it rests." Molleur v. Leriche, 142 Vt. 620, 622 (1983). We have reviewed plaintiff's complaint and it contains no statement that would alert defendant that plaintiff was pursuing anything other than a breach-of-contract claim. Nor did plaintiff seek to amend its complaint to add unjust enrichment or any other equitable theory of recovery. The trial court therefore properly refused to address these claims, which were raised for the first time in plaintiff's opposition to defendant's motion for summary judgment. See Limoge v. People's Tr. Co., 168 Vt. 265, 274 (1998) (holding trial court was correct to refuse to address claim raised for first time in plaintiffs' motion for summary judgment); see also In re Waitsfield-Fayston Tel. Co., Inc., 2007 VT 55, ¶ 12, 182 Vt. 79 ("Failure to plead a claim means that the claim is not in the case, and the court may not grant relief on it unless the claim subsequently comes before the court."). Because plaintiff does not challenge the trial court's determination of defendant's book value, we affirm the trial court's final judgment in favor of defendant.

Finally, plaintiff claims that the trial court erred in awarding defendant the costs of obtaining copies of transcripts of depositions taken by plaintiff. As we have explained, "[t]he trial court has broad discretion to award the prevailing party the costs of obtaining copies of the transcripts provided that the depositions were 'reasonably necessary' to prepare for the

litigation." <u>Lasek v. Vt. Vapor, Inc.</u>, 2014 VT 33, ¶ 28, 196 Vt. 243; V.R.C.P. 54(g). The depositions for which defendant requested costs were of two of the shareholders and Barry Book, who was the administrator of Reginald's estate. The trial court found that these depositions were reasonably necessary to prepare for the summary judgment motion. Plaintiff has failed to demonstrate that the court acted outside of its broad discretion in so concluding.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice